CITY OF CONCORD *v.* NORTON, Trustee, etc., and others.

CITY OF DOVER *v.* SAME.

CITY OF PORTSMOUTH *v.* SAME.

CITY OF MANCHESTER *v.* SAME.

CITY OF NASHUA *v.* SAME.

*(Circuit Court, D. Massachusetts.* March 30, 1883.)

1. PATENTS FOR INVENTIONS—EQUITABLE PRACTICES AS TO ENJOINING ACTIONS AT LAW ON PATENTS.

After a patent has expired a court of equity will not enjoin an action at law for infringement unless there is some purely equitable defense to the action not available at law.

2. SAME—PRELIMINARY INJUNCTION.

Nor will a court of equity grant a preliminary injunction when an equitable defense and a legal defense are both relied on by the supposed infringer. It will await the determination of the legal point before taking action.

3. SAME—ESTOPPEL BY CONDUCT.

Estoppel by conduct, often called equitable estoppel, is available as a defense at common law.

4. SAME—LACHES.

*It seems* that mere laches in enforcing a right of action for infringement, when the supposed infringer is notified of the patent and acts in known defiance of it, will not work an estoppel.

In Equity.

Five bills were filed in this court by five cities of New Hampshire, to restrain as many actions at law pending against them in the circuit court for the district of New Hampshire, in which the defendants here, Norton and others, owners of the patent No. 42,920, granted in 1864 to Knibbs & Norton, for an improvement in steam fire-engines, were plaintiffs. The cases were heard together, upon motions for a preliminary injunction, and the facts in one case will serve for all. The bill brought by the city of Dover alleges that the action sought to be enjoined was brought in 1882, after the patent had expired; that it lays the damages at $50,000 for the use of the patented improvement in certain engines owned and used by the city during substantially the whole term of the patent; that in 1859, long before the supposed invention of Knibbs, the Amoskeag Company of Manchester, New Hampshire, made steam fire-engines embodying the same invention, and sold them for public use; that in June, 1864, the patentees notified the Amoskeag Company of their patent, and offered to sell it,

or a right under it, to said company. That the company answered that they had used the same thing before 1860, and referred the patentees to certain engines in Boston, which they had so made; that the said Norton, for himself and Knibbs, replied that they did not believe this statement, and that if the company did not come to terms with them within 30 days they would give them an opportunity to defend themselves at law; that the company rejoined that they had no objection, and awaited their summons; that no action was ever brought against the Amoskeag Company, and that company continued to make engines containing the improvement until 1877, when they gave up the business of making steam fire-engines; that in this time they made 400 engines containing the improvement, and among them those now belonging to the plaintiff city; that the city bought its engines in good faith and had no notice of any patent; that the patentees had notice of the acts of the Amoskeag Company. An injunction is thereupon prayed for as upon an equitable estoppel.

The answer admits many of the facts, dates, etc., of the bill, and the correspondence. It denies that the improvement had been anticipated, and, on the contrary, avers that the patent has been sustained, after full investigation of this defense, in a suit against the city of New York, decided in the southern district of New York in November, 1881. *Campbell* v. *Mayor, etc., of New York*, 9 FED. REP. 500. That the said Knibbs & Norton brought an action in the northern district of New York late in 1864, or early in 1865, against Lysander Button, a manufacturer of steam fire-engines, for infringement of the patent, which was discontinued by reason of the absence of a material witness; that in 1874, they brought a suit in equity against said Button and his son, which is still pending. That in 1873 they proceeded by petition to the common council of the city of Troy, for damages or compensation for an infringement, which resulted in a settlement in writing, which is referred to as part of the answer. That in 1877 they brought a suit against the city of New York, which resulted in the decree in favor of the patentees, as already stated; and they then proceeded against the present plaintiff and others. They allege that the Amoskeag Company had knowledge of all these actions and suits, and deny that they ever acquiesced in the infringements by that company.

*George L. Roberts* and *J. L. S. Roberts*, for complainants.

*Bainbridge Wadleigh* and *J. C. Caverly*, for defendants.

LOWELL, J. Sitting here in equity, I cannot, after the expiration of the patent, undertake to decide upon its validity, or to enjoin my-

self from trying the case at law pending in New Hampshire, unless some purely equitable defense is made out which would not be equally available in that action. The plaintiffs here do not rely wholly upon an equitable defense to that action. They say and insist that the invention was anticipated. If this point is relied on I cannot enjoin the action, because if the defendants here should prevail, after a full hearing, in which they succeed in repelling the equitable estoppel, they must still prosecute the action at law against the defense of want of novelty in the invention. A preliminary injunction is never granted under such circumstances, though sometimes the bill will be retained until the action is tried at law. Kerr, Inj. 17, 19; *Barnard* v. *Wallis*, Craig & P. 85; *Perrine* v. *Striker*, 7 Paige, 598; *Derbyshire, etc., Ry. Co.* v. *Serrell*, 2 De Gex & S. 353; *Waterlow* v. *Bacon*, L. R. 2 Eq. 514.

But what is called equitable estoppel,—that is, estoppel by conduct, —is, in this country at least, as valid a defense at law as in equity. Bigelow, Estop. (3d Ed.) 476, citing *Copper Mining Co.* v. *Ormsby*, 47 Vt. 709. And the leading cases on this subject, such as *Pasley* v. *Freeman*, 3 Term R. 51, and *Pickard* v. *Sears*, 6 Adol. & E. 469, are actions at law. Mr. Justice Swayne announced it as the doctrine of the supreme court, in *Dickerson* v. *Colgrove*, 100 U. S. 578, 584, that this is a legal defense; and so is the law of New Hampshire, where these actions are pending. *Horn* v. *Cole*, 51 N. H. 287, 300.

For these reasons I must refuse the motion for an injunction. But as the same estoppel may be pleaded before me in the action at law, and as the point has been argued, I feel bound to say that I do not find the estoppel to be made out.

The parties appear to stand very much like ordinary suitors in a patent cause. The patent may not have been litigated with great diligence, but I see no good reason why the Amoskeag Company should have more benefit by the delay than any one else. That company notified the patentees, in answer to a demand for a settlement, that they should contest the validity of the patent; and it may be reasonably inferred that the patentees knew or should have known that the company intended to go on with the manufacture as they might find occasion; but I do not think it is a reasonable inference that the company supposed or had any right to suppose that the patentees had licensed them to go on, merely because they did not prosecute them after the 30 days' grace had expired. On the contrary, I infer, and I think a jury would infer from the evidence as it now stands, that each party was confident of his own opinion, and that

the Amoskeag Company knew that they might be sued at any time, but believed that they could not be sued with effect. Under such circumstances a court of equity might well decline to give any extraordinary assistance to patentees who had remained quiet for years; but in the cases of that sort, in which equitable relief has been refused, the courts have said that the plaintiff must be left to such damages as he might obtain at law. This is laches, and not estoppel; and for laches the remedy at law is found in the statute of limitations, and if that statute is inadequate there is no other remedy.

The same remark, I apprehend, is true of the damages. The hardship which these plaintiffs apprehend appears to arise from the very large damages which are claimed by the patentees. The record before me does not show the grounds of this claim. Supposing it to be, as intimated at the argument, that the regular license fee would be an annual payment, the equitable complaint is that the city was permittted to use the improvement for so many years without notice. This would apply, in a greater or less degree, to all cases of laches; and if the court and jury are incompetent to deal with it, I know of no power in a court of equity to set a limit to the damages which a court of law shall award under such circumstances.

Injunction refused.