## HENRY P. SHERMAN vs. JOHN GALBRAITH. ·

Middlesex.    March 5. — April 1, 1886.    W. ALLEN & HOLMES, JJ.,
absent.

At the trial of a writ of entry, in which the demandant declared on his demesne as
of fee, and the plea was *nul disseisin*, it appeared that the demanded premises
were at one time owned by A., who, in 1848, conveyed them to the tenant by a
deed which was not recorded; that, in 1876, A. conveyed them to B., and, in
1881, B. conveyed them to the demandant, both deeds being absolute in form
and duly recorded.    There was evidence that, when B. received the deed from
A., he made an oral agreement to reconvey to A. on the performance of cer-
tain conditions, which were not performed.    Neither B. nor the demandant had
knowledge of the existence of the prior deed to the tenant.    *Held*, that the
demandant was entitled to judgment.    *Held, also,* that the St. of 1883, c. 223, § 14,
relating to equitable defences in actions at law, could not avail the tenant.

WRIT OF ENTRY, dated February 6, 1884, to recover a parcel
of land in Waltham.    The declaration described the land de-
manded by metes and bounds; and alleged that the demandant
was seised of said parcel "in his demesne as of fee," and that
the tenant had disseised him.    Plea, *nul disseisin.*    Trial in the
Superior Court, before *Brigham*, C. J., who reported the case for
the determination of this court, in substance as follows:

The demandant put in evidence a deed of the demanded prem-
ises from Rachel Galbraith to Francis Buttrick, dated June 9,
1876, and recorded June 21, 1876.    This deed stated that the
premises were conveyed subject to three mortgages held by the
Waltham Savings Bank to secure the payment of $4250 and
overdue interest, all of which the grantee assumed and agreed
to pay.    The demandant also put in evidence a deed of the de-
manded premises from Francis Buttrick to the demandant, dated
February 4, 1881, and recorded April 26, 1881, which contained
the same statement in regard to the mortgages held by the Wal-
tham Savings Bank which was in the previous deed.

The tenant put in evidence a deed of the demanded premises
from Rachel Galbraith to the tenant, dated September 5, 1848,
but which was not acknowledged until June 4, 1876, and has
never been recorded.

The evidence tended to prove that, about and before the
time when Rachel Galbraith executed and delivered to Francis
Buttrick her deed of July 9, 1876, both the principal and interest

of the debts secured by the mortgages to the Waltham Savings Bank, referred to therein, were overdue and unpaid, and said bank was threatening to sell the demanded premises on account of a breach of the conditions of said mortgages; that thereupon the tenant made an oral agreement with Francis Buttrick to give to him Rachel Galbraith's deed of July 9, 1876, in consideration of Buttrick's undertaking to pay the interest on the debts due to said bank; that thereupon Rachel Galbraith's deed of July 9, 1876, was executed and delivered to Buttrick, and he made a further oral agreement with the tenant, that if, within one year thereafterward, the tenant paid to him all of his advances of moneys on Rachel Galbraith's notes, and all sums paid on account of said mortgages to the bank, and rent of the demanded premises at the rate of $25 per month, he, Buttrick, would reconvey the demanded premises to Rachel Galbraith; that Buttrick paid interest on the debts secured by said mortgages to the bank, and subsequently paid Rachel Galbraith's promissory notes indorsed by him at the time of receiving Rachel Galbraith's deed to him; but that neither the tenant nor Rachel Galbraith, up to the time of the sale by auction of the demanded premises to the demandant, and the execution and delivery to him of Buttrick's deed of April 23, 1881, had paid to Buttrick his advances of money, or the rent of the demanded premises, excepting for one month only; that the tenant had in his possession Rachel Galbraith's deed to him of September 5, 1848, from that time to the time of the trial of this action, and during all that time was in possession of the demanded premises; that the demanded premises were sold by auction to the demandant, who was the highest bidder therefor, and thereupon the deed of Buttrick to the demandant of April 23, 1881, was executed and delivered to him; that he afterwards made repairs of buildings and built a building on the demanded premises; and that all the transactions between Rachel Galbraith and Buttrick in relation to the demanded premises, as hereinbefore stated, were conducted with Buttrick by the tenant in his interest.

The judge submitted to the jury the following questions only:

" First. Did Rachel Galbraith sign and cause to be delivered to Francis Buttrick the deed purporting to have been made by her on June 9, 1876?

"Second. Had Francis Buttrick, before or at the time of Rachel Galbraith's deed to him, on June 9, 1876, knowledge of Rachel Galbraith's deed to John Galbraith of September 5, 1848?"

The jury answered the first question in the affirmative, and the second question in the negative.

Thereupon the judge ruled that, upon the facts which the evidence tended to prove and the facts found by the jury, the demandant was entitled to a verdict, and directed a verdict accordingly, which the jury returned.

*H. N. Allin & W. Howland*, for the tenant.

*B. B. Johnson*, for the demandant.

FIELD, J.   The demandant by his deed acquired a good absolute title as against the tenant, if at the time he received his deed he had no knowledge of the deed to the tenant, and no knowledge of the oral agreement between Francis Buttrick and Rachel Galbraith, and there is nothing in the report tending to show that he had knowledge of either.   The jury have found that Francis Buttrick, the demandant's grantor, when he received his deed, had no knowledge of the deed to the tenant, and therefore his title, whether it be in fee simple absolute, or in mortgage, was good as against the tenant, and he could convey this title to the demandant even if the demandant had knowledge of the deed to the tenant.

It is argued that the deed to Francis Buttrick, although, in form, absolute, must be considered in equity as a mortgage, on account of the oral agreement between him and Rachel Galbraith, his grantor.   This, as we have said, is immaterial, if the demandant had no knowledge of this agreement when he received his deed from Buttrick; but if he had such knowledge, we are still of opinion that the ruling was right.   The argument is, that, by the St. of 1883, *c.* 223, § 14, the tenant could set up an equitable defence, and that the facts tend to show that the demandant was in equity a mortgagee, and therefore cannot maintain the action unless it is amended to a writ of entry to foreclose a mortgage.   One answer to this argument is, that the tenant by his pleadings has set up no such equitable defence.   But we think it is not the effect of the St. of 1883, *c.* 223, § 14, to convert a writ of entry into a bill in equity; that the

demandant must still declare according to his legal title; and that, if an equitable defence is admissible at all in a writ of entry, it is only when such a defence, if established, would "absolutely and unconditionally" defeat the demandant's claim for possession under his title. The demandant's legal title is in fee simple absolute; if, in equity, it is to be considered as a title in mortgage, he is still entitled to the possession. If the tenant has any equitable rights under the oral agreement between Buttrick and Rachel Galbraith, they can only be determined in a suit in equity, to which not only the demandant, but Francis Buttrick and Rachel Galbraith, should be made parties.

*Judgment on the verdict.*