## ROLLIN B. HASTINGS *vs.* MARY T. LAWSON.

Essex.    November 3, 1904. — November 22, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Real Action.    Pleading, Civil,* General issue, Equitable defences.

A plea of nul disseisin in a real action puts in issue only the title, and under it the tenant cannot introduce evidence tending to show a right to have a contract in writing for the sale of the land to him reformed and to have specific performance of the reformed contract.

In a real action a tenant can introduce evidence of facts which would entitle him to relief in equity against the demandant's claim only when he has alleged such facts as an equitable defence under R. L. c. 173, § 28.

WRIT OF ENTRY, dated August 21, 1903, for a certain parcel of land with the buildings thereon on Main Street in Haverhill.

The tenant pleaded nul disseisin.    In the Superior Court, *Holmes,* J., sitting without a jury, found for the demandant; and the tenant alleged exceptions.

*N. C. Bartlett,* for the tenant.

*W. S. Peters & H. J. Cole,* for the demandant.

BARKER, J.    This writ of entry, to which the tenant pleaded nul disseisin, was tried by the judge without a jury.    The demandant rested after having put in his deed.    The tenant then offered in evidence a bond for a deed from the demandant to the tenant; also certain receipts signed by the demandant for amounts paid under the bond; also certain tax bills and bills for water rates paid by the tenant, and further offered to show that the tenant had paid the taxes and water rates from the year 1898.    The tenant also offered to show that she was illiterate and unable to read and write, that the terms mentioned in the bond were different from those upon which she bought the premises, that she had complied with the terms upon which she alleged she had bought, and had been in possession from the date of the bond until the trial.    All this evidence offered by the tenant was excluded.    The tenant did not offer to show that she had complied with the terms of the bond as written.

The presiding judge ruled that under the plea the only question in issue was the demandant's title, and that the evidence

offered by the tenant and excluded was not competent under her plea; and to this ruling the tenant excepted. After a finding for the demandant the case is here upon the tenant's exception to the ruling stated.

The plea, amounting now to the general issue, put the title in issue and the title only. The tenant could maintain her defence in two ways, namely, by failure of the demandant to show title in himself, or upon proof of title in the tenant. The evidence offered by the tenant did not tend to show that title was not in the demandant, nor that it was in the tenant. It tended to show that if she could have the written contract reformed and then have specific performance of it as reformed she would be entitled to have the demandant convey to her his title. If the evidence offered would entitle the tenant to be absolutely and unconditionally relieved against the demandant's claim of title, that evidence could not be received unless the tenant had alleged the facts as provided in R. L. c. 173, § 28. *Sherman* v. *Galbraith*, 141 Mass. 440, 442.

*Exceptions overruled.*