**THORPE et al. v. WM. FILENE'S SONS CO.**

No. 4265.

District Court, D. Massachusetts.

April 7, 1930.

Harold E. Cole, of Boston, Mass., for plaintiffs.

Jacob J. Kaplan and Nutter, McClennen & Fish, all of Boston, Mass., for defendant.

MORTON, District Judge.

This is an action at law for damages for infringement of an expired patent. It is being defended by the vendor of the article in question, a child's cap; and I shall refer to the vendor as the defendant. The defendant has moved to dismiss on the ground of "laches," and, in support of the motion, has filed affidavits. No counter affidavits have been filed, and I understand that the essential facts as stated by the defendant are not really in dispute.

Laches is, of course, an equitable defense and in pleading it the defendant avails itself of section 274b of the Judicial Code (28 USCA § 398). "The term 'equitable defenses,' within the meaning (of this section) includes a state of facts which, by virtue of doctrines recognized by courts of equity alone, has the effect of barring, or rendering unenforceable against a defendant in a suit, the claim asserted by the plaintiff therein." Walker J. Ford v. Huff (C. C. A.) 296 F. 652, at page 658. Strictly speaking, laches is recognized only in suits in equity, and means such inaction or delay on the part of the plaintiff as makes it inequitable to accord to him the relief prayed for; it is analogous to the requirement that the plaintiff must come into court with clean hands. It has no application to actions at law. A plaintiff's conduct may, however, have been of such character as, without having created any legal defense against his claim, to make it unconscionable for him to maintain it. This is estoppel and is recognized in equity as sufficient ground for enjoining an action at law. The basis of estoppel is deceptive or misleading conduct by the plaintiff on which the defendant has relied to his injury. Simmons v. Burlington, etc., Rwy. Co., 159 U. S. at page 291, 16 S. Ct. 1, 40 L. Ed. 150; Ward v. Sherman, 192 U. S. 168, at page 177, 24 S. Ct. 227, 48 L. Ed. 391. Mere delay by the plaintiff may constitute such laches as will deprive him of equitable relief, but I am aware of no case in which it has been held to constitute a defense to an action at law, except, of course, under the statute of limitations.

The question presented by the motion to dismiss is whether the facts alleged make out a case for estoppel. The plaintiffs obtained their patent in 1912. While the application was pending they tried in a small way to market the patented article. They were unsuccessful in doing so and abandoned the ef-

fort. Thereafter they did nothing with the patent until it was about to expire, when they brought an infringement suit in equity against another defendant which they settled for a small sum. After the patent had expired they brought the present action. The plaintiffs have stood by while the defendant built up a large business in manufacturing and selling a cap which, they say, infringes their patent.

It is clear that the plaintiffs would not be entitled to relief in equity if the patent were still alive. They have, however, on the defendant's own affidavits done nothing active to mislead or deceive it, nothing which would justify saying that their conduct has been so deceptive as to make it inequitable to permit their action to be pressed. They are much like persons who have watched a trespasser go to and fro over their property for many years without making efforts to stop him, and who at last take action. The principle of estoppel has never been extended to such cases. To do so would amount to amending the statute of limitations.

The defendant contends that section 274b (28 USCA § 398) makes all defenses available in equity applicable to actions at law. No case in which any such view of this statute has been taken, or even urged, has come to my attention. The statute seems to me to relate only to matters of pleading, and to make recognized equitable defenses to actions at law available by answer, instead of by the more cumbersome and inconvenient method of a bill in equity. In Ford v. Huff, supra, while the word "laches" is used, the decision clearly rested upon the ground of estoppel. A Massachusetts statute, similar in purpose though differently expressed, has been in effect from 1883. Massachusetts Acts 1883, c. 223, § 14, General Laws Massachusetts, c. 231, § 31. It has been so construed. Sherman v. Galbraith, 141 Mass. 440, 5 N. E. 858; Mason v. Mason, 140 Mass. 63, at page 65, 3 N. E. 19.

Motion overruled.