## BANKER v. FORD MOTOR CO.
### No. 5249.

Circuit Court of Appeals, Third Circuit.
March 13, 1934.

Rehearing Denied April 19, 1934.

Wm. B. Jaspert and Carl W. Brueck, both of Pittsburgh, Pa., and Samuel A. Williams, for appellant.

John Weld Peck, of Cincinnati, Ohio, John J. Heard, of Detroit, Mich., Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., and I. Joseph Farley, of Detroit, Mich., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Western District of Pennsylvania enjoining a suit at law for infringement of a patent for an improvement in clear vision windshields, and dismissing the suit. The patent was issued on October 10, 1911. On October 7, 1931, the patentee brought a common-law action in trespass on the case to recover damages for an alleged infringement, in accordance with the provisions of Rev. St. 4919 (35 USCA § 67). The patentee died in March, 1932, and the appellant, executrix of his estate, was substituted as a party plaintiff. The claim for damages was limited to the period between October 10, 1925, and October 10, 1928, the date of the expiration of the patent. The affidavit of defense and supplemental affidavits of defense contain the usual legal defenses of invalidity and noninfringement and, in addition, the equitable defenses of laches and estoppel. A preliminary hearing by the District Court on the equitable defenses resulted in findings of fact and conclusions of law sustaining those defenses. The court thereupon dismissed the suit, and in its decree directed that the plaintiff be enjoined from maintaining the action at law. This is an appeal from that decree.

The practice of first disposing of equitable defenses was approved by the Supreme Court in Liberty Oil Company v. Condon National Bank, 260 U. S. 235, 43 S. Ct. 118, 121, 67 L. Ed. 232, wherein Chief Justice Taft said:

"Where an equitable defense is interposed to a suit at law, the equitable issue raised should first be disposed of as in a court of equity, and then, if an issue at law remains, it is triable to a jury. Massie v. Stradford, 17 Ohio St. 596; Dodsworth v. Hopple, 33 Ohio St. 16, 18; Taylor v. Standard Brick Co., 66 Ohio St. 360, 366, 64 N. E. 428; Sutherland Code Pl. and Pr. § 1157. The equitable defense makes the issue equitable, and it is to be tried to the judge as a chancellor. The right of trial by jury is preserved exactly as it was at common law. The same order is preserved as under the system of separate courts. If a defendant at law had an equitable defense, he resorted to a bill in equity to enjoin the suit at law, until he could make his equitable defense effective by a hearing before the chancellor. The hearing on that bill was before the chancellor, and not before a jury, and, if the prayer of the bill was granted, the injunction against the suit at law was made perpetual, and no jury trial ensued. If the injunction was denied, the suit at law proceeded to verdict and judgment. This was the practice in the courts of law and chancery in England when our Constitution and the Seventh Amendment were adopted, and it is in the light of such practice that the Seventh Amendment is to be construed."

The appellee presented testimony sufficiently showing that, prior to April 10, 1915,

the patentee knew of the appellee's use of the alleged infringing device; that, in spite of such knowledge, the patentee took no action while the appellee made heavy investments in machinery and equipment for the manufacture of the alleged infringing device; that the patentee knew of the general use of the same device by other automobile manufacturers throughout the same period, and took no steps to prevent such use; that, during this lapse of time from 1915 until 1931, witnesses died, and the memories of others were impaired; and that records essential to the defense were lost or destroyed. The District Court found the facts from this testimony, and was justified in its conclusion that those facts sufficiently showed such lack of diligence on the part of the patentee as to establish laches and estoppel.

■ Had the appellant's suit been in equity, the evidence would have been ample for holding that recovery was barred because of laches. Dwight & Lloyd Sintering Co., Inc., v. Greenawalt (C. C. A.) 27 F.(2d) 823. Window Glass Mach. Co. v. Pittsburgh Plate Glass Co. (C. C. A.) 284 F. 645, 649. Richardson v. D. M. Osborne & Co. (C. C. A.) 93 F. 828. In Window Glass Mach. Co. v. Pittsburgh Plate Glass Co., supra, the plaintiff delayed eleven years before bringing suit. This court allowed the defense of laches, and in an opinion by Judge Woolley said:

"After the notice, in July, 1914, of their proposed suit for infringement nothing further was heard from the plaintiffs until December 31, 1918, when they filed the present bill. This was eleven years after one of the plaintiffs had brought the first suit and voluntarily dismissed it; nine years after the defendant had invested a large sum of money in the Mount Vernon plant and had begun commercial operations; four and one-half years after the plaintiffs had given notice of the proposed second suit; and three and one-half years after the defendant had invested an even larger sum in the Clarksburg plant and had there begun commercial operations. These dates are facts which figure against the plaintiffs' bill in the present action. The circumstances were such, without repeating them at length, that the plaintiffs knew or were chargeable with knowledge of the practices and the apparatus employed by the defendant at its several works during these periods. Foster v. Railroad Co., 146

U. S. 99, 13 S. Ct. 28, 36 L. Ed. 899; Johnston v. Standard Mining Co., 148 U. S. 360, 13 S. Ct. 585, 37 L. Ed. 480. On these facts and circumstances the defendant makes the defense of laches.

"This defense is based on a well-settled principle of law. In its application courts recognize the general rule that, in a case of this kind, mere delay, unaccompanied by anything else, will not ordinarily bar a suit for injunction against a naked infringer. McLean v. Fleming, 96 U. S. 245, 24 L. Ed. 828; Menendez v. Holt, 128 U. S. 514, 9 S. Ct. 143, 32 L. Ed. 526; Prince's Metallic Paint Co. v. Prince Mfg. Co., 57 F. 938, 6 C. C. A. 647, infra. But they also recognize a distinction between mere delay and unreasonable delay, where in the latter is involved the element of lack of diligence and the consequent inequity, under the circumstances, of permitting the claim to be enforced."

The appellant admits the authority of the cited cases if applied in equity, but contends that they are inapplicable to actions at law. But that contention is met by section 274b of the Judicial Code (28 USCA § 398), which provides: "In all actions at law equitable defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of seeking the relief prayed for in such answer or plea. Equitable relief respecting the subject matter of the suit may thus be obtained by answer or plea. In case affirmative relief is prayed in such answer or plea, the plaintiff shall file a replication. Review of the judgment or decree entered in such case shall be regulated by rule of court. Whether such review be sought by writ of error or by appeal the appellate court shall have full power to render such judgment upon the records as law and justice shall require."

The above-quoted section in terms authorizes equitable defenses in actions at law theretofore applicable only in equity. Ford v. Huff (C. C. A.) 296 F. 652, certiorari denied 266 U. S. 602, 45 S. Ct. 90, 69 L. Ed. 462.

Inasmuch as we have disposed of the appeal on its merits, it is unnecessary to discuss the motion by the appellee to dismiss the appeal.

Decree affirmed.