## ENELOW v. NEW YORK LIFE INS. CO.
### No. 5414.

Circuit Court of Appeals, Third Circuit.
April 17, 1934.

Charles H. Sachs and Sachs & Caplan, all of Pittsburgh, Pa., for appellant.

William H. Eckert, of Pittsburgh, Pa., Louis H. Cooke, of New York City, and Smith, Buchanan, Scott & Gordon, of Pittsburgh, Pa., for appellee.

Before DAVIS, Circuit Judge, DICKINSON and FAKE, District Judges.

### PER CURIAM.

This appeal is ruled by the Banker v. Ford Motor Company Case (C. C. A.) 69 F. (2d) 665, the opinion in which was handed down March 13, 1934. The appeal relates to the practice established by 274b of the Judicial Code (28 USCA § 398). That act has a very definite primary objective. There were jurisdictions in which purely equitable defenses were not admitted in actions at law. If there was such equitable defense, resort must be had to a chancellor to determine it; the action at law in the meantime being held up. The purpose of the act was to do away with the necessity of appealing to a court of equity as such by permitting equitable defenses to be pleaded and heard in all actions at law. There was no need for such an act in Pennsylvania, for the reason that equitable defenses were always permitted in actions in assumpsit in that state and were determined by the trial court with the assistance of a jury as if the court and jury were sitting as a chancellor. The act of Congress applies to actions in Pennsylvania whether needed or not. The act does not, however, affect or change the substantive law, but is directed wholly to procedural methods. The law of the case and the principles of equity applicable thereto remain as they were. The only change wrought is in the method of applying the law or the equities of the case and how and by what tribunal they are to be determined. This makes of importance the second purpose of the act. This was to require equitable defenses to be heard in limine by the trial court as if sitting in equity, thereby requiring that they be heard by the court as by a chancellor without the aid or intervention of a jury, thus withdrawing equitable defenses from the jury. The act, as we have said, applies in its entirety to actions in Pennsylvania as to actions elsewhere.

The decree of the court below is affirmed, with costs.