## HOLMAN v. OIL WELL SUPPLY CO.
(two cases).

### Nos. 5721, 5722.

Circuit Court of Appeals, Third Circuit.
March 11, 1936.

Rehearing Denied May 21, 1936.

Edward A. Lawrence, Charles J. Margiotti, Sebastian C. Pugliese, J. E. Kalson,

William R. Kalson, and Green & McCallister, all of Pittsburgh, Pa., for appellant.

D. Anthony Usina, of New York City, and John E. Jackson, of Pittsburgh, Pa., for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

The above-entitled suits were consolidated and tried together in the District Court and argued together here. They were brought for the infringement of letters patent No. 1,409,177, issued to Benjamin T. Holman on March 14, 1922, for improvements in spudding shoes. One suit is against the Oil Well Supply Company, a Pennsylvania corporation, and the other is against the Oil Well Supply Company, a New Jersey corporation. The Pennsylvania corporation sold its manufacturing business to the New Jersey corporation, but still retained its corporate existence.

When he brought suit against the Pennsylvania corporation, the appellant did not know that the transfer had been made to the New Jersey corporation. Upon learning this, he brought suit against that corporation also. The defendants filed answers denying infringement and alleging invalidity of the patent. At the trial they further defended on the ground of laches.

The learned District Judge dismissed the bill in both suits on the ground that the defendants had not infringed the patents and on the further ground that the plaintiff had been guilty of laches in bringing the suits.

Claims 5 and 6 of the patent are in issue.

The patent refers to an improved spudding shoe in well drilling for oil. This improved shoe comprises in combination a head, an arcuate cable bearing fixedly mounted thereon, a cheek and a shank in rigid relationship, a second cheek pivotally attached to the head and adapted to swing into and out of engagement with the shank, and means whereby the second cheek is prevented from spreading relative to the first cheek when the second cheek is in engagement with the shank.

The patentee knew of the operation of the defendant and the alleged infringement soon after the patent was issued on March 14, 1922, but did nothing about it in the way of bringing suit against it until September 6, 1932, a period of ten years. We cannot say that the trial judge erred when he found this to be inexcusable delay.

The spudding shoe of the defendants has the shape of a very large hook with a guard in the form of a catch such as is found in certain kinds of snapper hooks. This is quite different from the detachable cheek fastened to the head in the plaintiff's patent. The snapper or guard in the defendants' device is pivoted to the shank. Judge Schoonmaker held that defendants' device did not infringe plaintiff's paper patent, and, for the reasons set forth in his opinion we think his conclusion was right, both as to laches and noninfringement.

The decrees dismissing the bills are affirmed.