## SCHLESSINGER v. INGBER et al.

District Court S. D. New York.
Aug. 2, 1939.

Duell & Kane, of New York City, for plaintiff.

Henry L. Burkitt, of New York City, and Caesar & Rivise, of Philadelphia, Pa., for defendants.

HULBERT, District Judge.

This is a suit arising under the Patent Laws of the United States for alleged infringement of Letters Patent No. Des. 114,968 issued May 24, 1939, to the plaintiff, who resides in the Borough of Queens, City and State of New York.

The complaint alleges that the defendants infringed "by manufacturing and/or selling within the Southern District of New York and elsewhere" and seeks an accounting of profits and a permanent injunction.

The defendants move to dismiss upon the grounds that they are residents of the City and County of Philadelphia, State of Pennsylvania, and do not have a regular and established place of business within the Southern District of New York but concede, however, that they have an office at 347 Fifth Avenue. Another brother, Nathan Ingber, is in charge and some of their salesmen use the New York Office to drum up business and solicit orders, which, however, must be transmitted to their place of business in Philadelphia for acceptance.

Defendants also move, in the alternative, to quash the return of the service of the summons, which according to the certificate of the marshal was made by "delivering to and leaving a copy thereof, together with a copy of the bill of complaint for each defendant, with S. Greenfield, salesman and party in charge of said David A. Ingber and Isaac W. Ingber—regular and established place of business 347-5th Ave., N. Y. C."

Rule 4(d) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides for service upon 'a partnership under a common name," by delivering a copy of the summons and of the complaint to * * * a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." And Rule 4(d) (7) provides that of any class referred to in paragraph (3) "it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons * * upon any such defendant in an action brought in the courts of general jurisdiction of that state."

The New York Civil Practice Act requires the personal service upon individual defendants (Section 225, subdivision 3) and makes no special provision for service upon a partnership.

The two questions, therefore, presented on this motion are: (1) whether the defendants have a place for the regular transaction of business within the jurisdiction of this court, and (2) whether S. Greenfield is a manager or general agent within the meaning of Rule 4(d) (3) to make the service upon him effective and binding upon the defendants.

This issue cannot be determined from the papers submitted on this motion and a reference will be had to a special master to take proof and report.

After the service of the defendants' motion papers, a subpoena was issued by

the clerk of this Court at the behest of the plaintiff's solicitors, and served upon Nathan Ingber, requiring his presence before the court at the time and place of the hearing of the motion. He did not appear. Counsel for defendants move orally to quash the subpoena. That motion is denied. The witness may, however, excuse his default by appearing before the special master if required by the plaintiff so to do. Settle order on notice unless agreed upon as to form.