## AMERICAN AIR FILTER CO. v. AIR MAZE CORPORATION.

### No. 5560.

District Court, N. D. Ohio, E. D.

May 15, 1940.

Arthur F. Robert, of Louisville, Ky., and Hadley F. Freeman, of Cleveland, Ohio, for plaintiff.

George S. Baldwin (of Hyde & Meyer), of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

The bill of complaint alleges infringement of U. S. Letters Patent 1,521,575 issued December 20, 1924, to Hans Wittemeier, and now owned by the plaintiff; and prays for the usual remedies of injunction and accounting. Claims 3 and 6 only are relied upon. The answer alleges invalidity because of anticipation, denies infringement, and charges laches and estoppel.

The patent covers improvements in filters for purifying air. The claims describe a self-contained air filter, composed of a frame with incombustible walls having air-passage openings therein freely exposed to the atmosphere front and rear; such walls being spaced apart a distance less than either the length or breadth of the walls, with incombustible filtering means between the walls, arranged so as to subdivide the air entering through the front wall into small streams and reuniting and again subdividing it, and arranged so as to form pockets out of the path of the airflow protected by the filtering means. The patent also calls for viscous coating of the filtering means to facilitate collection of dust.

The specification refers to the filtering members between the walls of the frame as "non-combustible bodies of any geometrical shape, such as balls, cylindrical or prismatic rods" or "a layer of comparatively large balls", and then "layers of finer balls", and says, with regard to cleaning, that "the filter bodies are simply taken out at the foot of each element of the filter and then washed and replaced through the top" and "such bodies may be placed regularly or irregularly in respect to each other". And again, "the various compartments being filled with dust-retaining bodies $a$ of any desired shape and thrown in in any manner. The bodies $a$ are made of any suitable non-combustible material and moistened with glycerine or any other viscous liquid".

Claim 6 of the patent refers to these units of the filter chamber as "a group of interstitial incombustible members" "forming viscous lined air holes therebetween", "the barricaded spaces of the air holes" "calming the air", "and the sheltered portions of the air holes arresting the separated dust therein".

Originally the filters made under the patent by plaintiff's predecessor consisted of ferrules between the two walls of the frame as illustrated in Fig. 9 of the patent in suit. It is conceded that these ferrules might function as described in the letters patent by forming "pockets" out of the path of the airflow or "barricaded spaces". Such manufacture, however, was discontinued long ago. The plaintiff's present commercial construction of filter, Exhibits 9 and 10, does not adhere strictly to the disclos-

978

ure of the Wittemeier patent but employs for filter purposes expanded metal screens and mats of closely woven copper strands.

The defendant's filter is manufactured under the Greene patent 1,566,086 dated December 15, 1925. It consists of an assemblage of superposed screens, Exhibits 11 and 12. The defendant is licensed under such Greene patent, and the filter elements consist of woven wire screens, referred to in the patent as "reticulated members". Such screens are alternately flat and corrugated. They are employed in two forms: One rectangular, constituting the flat type filter, and the other cylindrical, the two forms being illustrated by Figs. 5, 6, 7, and 8 of the Greene patent. It is apparent from the exhibits, and it is conceded in the briefs, that the present commercial filter of the plaintiff and the flat filter of the defendant are very similar in construction. But the question remains: Is the defendant's filter, so constructed of screens, an infringement of the plaintiff's patent?

It seems to the court that the disclosure of the plaintiff's patent is limited to an air filter in which the filter compartment is made up of a plurality of independent filter members, such as balls, ferrules, cylindrical or prismatic rods, or other bodies of geometrical shape. There is no suggestion in the patent of screens or expanded metal. The patent in suit calls for filter members held in a frame the front and rear walls of which have "air passages therethrough". A screen filter, however, such as the defendant makes, requires no such walls.

If the claims of the patent in suit should be extended to cover a construction like that of the defendant, the patent would be invalid because anticipated by the prior art, particularly the Shuter British patent, Exhibit U. If the claims of plaintiff's patent should be extended to cover "viscous coating" for the filter members, it would then be found invalid because anticipated by Swan patent 811,969. It was admitted that the screens of the defendant's filter were covered with viscous mineral oil. But such treatment of the filter members was taught not only by Swan, but also by the Shuter British patent (1904) 10,629, the specification of the latter stating that the efficiency of the filter would be greatly increased by slightly smearing the wire gauze disks with any stiff oil.

Counsel for plaintiff conceded that defendant's cylindrical form of construction did not infringe. The construction of the cylinder, however, does not differ from that of the flat filter except that it is rolled. It is difficult to see how one form would be an infringement if the other is not.

The defendant's flat filter, as well as the plaintiff's present commercial filter, is nearer in resemblance to some of the earlier constructions, such as the Row, British patent 13,222 (1904), than to the Wittemeier patent upon which plaintiff founds its suit. Unless claims 3 and 6 of the Wittemeier patent are limited to a filter in which the filter means consists of separate independent members of geometrical shape, such claims would be definitely anticipated by the patents referred to and others mentioned in the answer. If the claims of the patent in suit are so limited to maintain their validity, we are then forced to the logical conclusion that such claims are not infringed by the defendant's construction. This conclusion is supported, moreover, by the action of the Patent Office. Both the Wittemeier and Greene applications were copending for nearly a year (January 26 to December 30, 1924) and the Patent Office found no interference.

As to the defense of laches and estoppel, the evidence discloses that a filter consisting of an assemblage of screens coated with mineral oil, either in flat form (Exhibits 11 and 12) or in cylindrical form (Exhibits J and K), has been continuously manufactured by defendant and its predecessor and licensor since 1925. On April 17, 1925, plaintiff's predecessor served upon the defendant's predecessor a notice of infringement (Ex. E). The defendant's predecessor, The Greene Gas Cleaner Company, denied infringement, and suit was threatened by the attorney for plaintiff's predecessor. No suit was filed, however, and The Greene Gas Cleaner Company continued its manufacture and sale and it and the defendant invested large sums of money in the business. The testimony reveals that approximately one million filters have been sold. On April 30, 1930, counsel for the owner of the patent in suit again charged infringement against the defendant's predecessor (Ex. F). The evidence shows that the charge was dropped at that time because "they weren't infringing". A third notice of infringement was given on April 26, 1935 (Ex. D). This notice contained a definite accusation, demand for accounting, and threat of suit. But the present suit was not instituted until January 23, 1937, nearly twelve years after the first

notice of infringement. In view of this evidence, it seems to the court that the defense of laches and estoppel is sustained. Temco Mfg. Co. v. National Elec. Ticket Register Co., D.C., 33 F.2d 777; Closz & Howard Mfg. Co. v. Case Threshing Mach. Co., D.C., 216 F. 937, 941; Holman v. Oil Well Supply Co., 3 Cir., 83 F.2d 538, 539. "Plaintiff is barred from relief by the laches of one with whom he stands in privity, as a grantee by the laches of his grantor, an assignee by that of his assignor". Gillons v. Shell Co. of Cal., 9 Cir., 86 F.2d 600, 605(4); Booth Fisheries Corp. v. General Foods Corp., D.C., 27 F.Supp. 268, 271 (5, 6).

The bill will be dismissed at plaintiff's costs.