PEERLESS WEIGHING & VENDING MACH. CORPORATION v. INTERNATIONAL TICKET SCALE CORPORATION.

Civil Action No. 163.

District Court, D. Delaware.

March 11, 1941.

George B. Finnegan, Jr. (of Morgan, Finnegan & Durham), of New York City, and Herbert L. Cohen, of Wilmington, Del., for plaintiff.

Samuel E. Darby, Jr., and Louis D. Fletcher (of Darby & Darby), both of New York City and E. Ennalls Berl (of Southerland, Berl, Potter & Leahy), of Wilmington, Del., for defendant.

NIELDS, District Judge.

This is a second patent infringement suit against International Ticket Scale Corporation alleging violation of U. S. Patent No. 1,736,284.

January 17, 1931, Rhodes-Hochriem Manufacturing Company, predecessor of plaintiff, brought the first suit in this court against defendant. That complaint contained the usual charge of infringement by manufacture, use and sale of 5,000 ticket scale machines. November 7, 1932, an agreement was executed which effected a settlement of the differences between the parties. That agreement recited:

"Whereas, there is now pending a suit by Rhodes-Hochriem against International in the United States District Court for the District of Delaware, Equity No. 853, for alleged patent infringement by the scales of International; and

"Whereas, there is also pending a certain suit by Andrews against Camco and others in the Supreme Court, New York County, Index No. 29098, Year 1930; and

"Whereas, the parties desire to settle said litigation and limit future litigations to the extent hereinafter set forth; * * *."

The agreement of settlement provided:

"1. It is agreed that the said action by Rhodes-Hochriem against International shall be discontinued forthwith without costs, and a stipulation to that effect is delivered concurrently herewith by First Parties to Second Parties.

* * *

"3. It is agreed further that First Parties hereby release Second Parties, their heirs, successors and assigns and the makers and users of scales made by or for Second Parties, from any claim or liability by reason of the manufacture, use or sale of scales manufactured by or for International prior to the date of this agreement; and that Second Parties hereby release First Parties, said Peerless Weighing Machine Company, their successors and assigns, and the makers and users of scales made by or for First Parties, from any claim or liability by reason of the manufacture, use or sale of scales manufactured by or for Rhodes-Hochriem or Peerless

Weighing Machine Company prior to the date of this agreement. To effectuate this provision First Parties have delivered a release to Second Parties, and Second Parties have delivered a release to First Parties concurrently herewith.

* * *

"5. Nothing herein or in said releases or stipulations shall be deemed to bar any suit based upon any scales hereafter made by any of the parties hereto or upon any cause of action hereafter accruing in favor of said Andrews, or shall carry any inference regarding the question whether scales such as those heretofore made by any party infringe any valid right of any other party."

Pursuant to the provisions of paragraph 3 of the settlement agreement, plaintiff united in executing a release.

This release was " * * * of all and from all, and all manner of action and actions, cause and causes of action, suits, * * * trespasses, damages, * * * claims and demands whatsoever in law or in equity, so far as based on the manufacture, use or sale of scales manufactured by or for the parties released, which against * * * International Ticket Scale Corporation * * * and * * * users of their scales the said * * * Rhodes-Hochriem Manufacturing Company ever had, now have or which they, their successors or assigns hereafter can, shall or may have for, upon or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the day of the date of these presents, including particularly any liability for patent infringement by reason of the manufacture, use or sale of scales heretofore made by or for said International Ticket Scale corporation."

Plaintiff and defendant each own and operate a large number of coin controlled weighing machines known as "ticket scales." Upon insertion of a coin the ticket scale issues a ticket upon which is printed the weight of the person on the scale, together with other printed matter. The ticket scales are installed in various public places such as department stores, restaurants, railway stations, &c. The income derived from these machines consists of coins collected from the public. Plaintiff and defendant are the only substantial competitors in this field. Defendant owns and controls 5,000 ticket scales, and plaintiff about 32,000.

Defendant continued in public use said scales from November 7, 1932, until the present without any effort to conceal said use and without protest from plaintiff or its predecessor until plaintiff's protest about March 1, 1940, three months before the present action was brought. This action is limited to the recovery of damages and profits for the continued use since November 7, 1932 of defendant's 5,000 ticket scales and seeks to enjoin their further use.

The business of defendant has remained unchanged. No expansion or advertising program has been entered into nor has any other substantial change occurred in defendant's method of doing business. The officers and directors in charge of defendant have remained in charge.

The foregoing recital of facts shows that plaintiff is guilty of laches precluding the relief it seeks. At the time of the settlement, on November 7, 1932, plaintiff's predecessor was aware that defendant was maintaining in public use its 5,000 ticket scales. Defendant continued to maintain these scales in public use without protest from plaintiff or its predecessor until March 1, 1940, shortly before the filing of the present suit. Thus for approximately eight years plaintiff and its predecessor slept on any rights they may have had. Laches of this character and under these circumstances precludes any relief to plaintiff. Further, defendant has altered its position relying upon plaintiff's inaction throughout this period of nearly eight years. Defendant has collected the moneys deposited in its 5,000 ticket scales and treated such collections as earnings, profits, etc., unburdened by liens or claims of any kind. Plaintiff's present claim seeks an accounting for all such moneys regardless of the disposition thereof by investment, dividends or other distribution. Westco-Chippewa Pump Co. v. Delaware Electric & S. Co., D.C., 57 F.2d 559, affirmed, 3 Cir. 64 F.2d 185; Window Glass Mach. Co. v. Pittsburgh Plate Glass Co., 3 Cir., 284 F. 645; Holman v. Oil Well Supply Co., 3 Cir., 83 F.2d 538.

Plaintiff's explanation of the delay affords no legal excuse for inaction on its part. The defense of laches is sustained.

The complaint must be dismissed.