**SKINNER et al. v. ALUMINUM CO. OF AMERICA.**

**Civ. A. No. 7684.**

United States District Court
W. D. Pennsylvania.

Jan. 24, 1951.

William H. Parmelee (of Christy, Parmelee & Strickland), Pittsburgh, Pa., for plaintiffs.

William H. Eckert (of Smith, Buchanan & Ingersoll), Pittsburgh, Pa., for defendant.

McVICAR, Chief Judge.

This is an action by the above named plaintiffs against the above named defendant, filed February 25, 1949, wherein the plaintiffs pray for injunctive relief, accounting, general damages, attorney's fees, by reason of alleged infringement of Patent No. 1,847,365. Defendant filed an answer raising six defenses, the fifth defense being laches and estoppel.

The action is now before us on motion of plaintiffs to set aside that portion of the Order of this Court of November 21, 1950 appointing a Special Master on the issue of laches and estoppel. Plaintiffs in support of their motion allege that the order appointing a Special Master was not requested by any of the parties; that the plaintiffs are individuals of moderate circumstances; that the appointment of a Master is an extraordinary procedure to be made only in exceptional circumstances; that the defense of laches is not of a complicated character and that the order was contrary to an order made in another case by this Court.

Defendant on May 31, 1950 moved this Court to grant a separate trial on the issues of laches and estoppel. On November 3, 1950, the Court granted the aforesaid motion of defendant, granting a separate trial on the issues of laches and estoppel, and appointed a Special Master to hear and report to the Court on said issues. On November 21, 1950, the aforesaid order of November 3, 1950 was vacated as to the person appointed, and the Court appointed another member of the Bar as Special Master in this case.

Rule 53 of the Federal Rules of Civil Procedure, 28 U.S.C.A. for the United States District Court provides that:

(a) "Each district court with the concurrence of a majority of all the judges thereof may appoint one or more standing masters for its district, and the court in which any action is pending may appoint a special master therein. As used in these rules the word 'master' includes a referee, an auditor, and an examiner. The compensation to be allowed to a master shall be fixed by the court, and shall be charged upon such of the parties or paid out of any fund or subject matter of the action, which is in the custody and control of the court as the court may direct. * * *

"(b) Reference. A reference to a master shall be the exception and not the rule. In actions to be tried by a jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account, a reference shall be made only upon a showing that some exceptional condition requires it."

The issues involved in this case include the validity and scope of plaintiffs' patent, infringement, the statute of limitations, use by and manufacture for the United States, etc., in addition to the issues of laches and estoppel.

The patent in this case was issued March 1, 1932. Infringement is alleged since 1935. The action in this case was entered in this Court February 25, 1949. The issues in this action will probably require several weeks to try. The defense of laches and estoppel may apply to all or part of plaintiffs' claim. This issue may require several days to try.

■ This Court has a heavy back log of cases. It has been calling in in the past additional Judges to reduce this back log, and arrangements for extra Judges have been made for the same purpose in the future. The plaintiffs have other actions pending in other courts for infringement of the same patent. As has been held in Los Angeles Brush Manufacturing Corporation v. James, District Judge, 272 U.S. 701, 47 S.Ct. 286, 71 L.Ed. 481, a congested court calendar, itself, may justify the use of a special master in patent cases.

It was conceded by plaintiffs on the argument of defendant's motion for a separate trial on the issues of laches and estoppel that the Court had the right to appoint a Special Master. This Court, as has been stated, did appoint a Special Master for the trial of said issues. A hearing was held before said Master on December 8, 1950 and another hearing was arranged before the Master on January 22nd, which has been adjourned to February 5th. Special Masters have been appointed in infringement of patent cases not involving an ac-

counting both before and since the adoption of the present Rules of Federal Procedure. See Ex Parte Peterson, 253 U.S. 300, 40 S. Ct. 543, 64 L.Ed. 919 and Graffis v. Woodward, 7 Cir., 96 F.2d 329; Bair v. Bank of America Nat. Trust & Savings Ass'n, 9 Cir., 112 F.2d 247; In re Hotel Governor Clinton, 2 Cir., 107 F.2d 398. There are many cases since the adoption of the Federal Rules of Civil Procedure. See Arrow Distilleries (Michigan) v. Arrow Distilleries (Illinois), 7 Cir., 117 F.2d 636; Donato v. Parker Pen Co., D.C., 7 F.R.D. 148; Waldo Theatre Corp. v. Dondis,[1] D. C.Me., 1941; Citrin v. Greater New York Industries, Inc., D.C., 79 F.Supp. 692; Schlessinger v. Ingber, D.C., 29 F.Supp. 581; Lazar v. Cecelia Co., D.C., 1 F.R.D. 66; Sorrens v. Click, Inc., D.C., 1 F.R.D. 333; and Steinberg v. Landair Associated Corp., D.C., 10 F.R.D. 447.

■ Laches is an equitable defense which should be first disposed of by the Court, sitting as a Court of Equity. See Banker v. Ford Motor Co., 3 Cir., 69 F.2d 665.

There is no evidence of plaintiffs' inability to pay whatever costs should be imposed upon them, if any. They allege that they are persons of moderate means; but it has been shown that they have recovered royalties, including a royalty for infringement of the patent in this case in the amount of $45,000.00. At the argument of the motion for a separate trial on the question of laches and estoppel, plaintiffs' attorney recognized in his argument the issue as being complicated.

■ I am of the opinion that the issue to be tried in this case, i. e. laches and estoppel, is of a sufficiently complex and lengthy character as to warrant the reference to the Special Master; and that the employment of a master will be of great assistance to the Court in the disposition of this cause, and that the appointment falls within the exception set forth in Rule 53, supra. Therefore the motion to set aside the Order of this Court appointing a Special Master made November 21, 1950, should be refused.

1. No opinion for publication.