## SKINNER et al. v. ALUMINUM CO. OF AMERICA.

### Civ. 7684.

United States District Court
W. D. Pennsylvania.
June 23, 1952.

636

See also, 95 F.Supp. 183.

---

Christy, Parmelee & Strickland, Pittsburgh, Pa., for plaintiffs.

William H. Eckert, Smith, Buchanan, Ingersoll, Rodewald & Eckert, Pittsburgh, Pa., for defendant.

STEWART, District Judge.

Plaintiffs brought this action seeking damages for an alleged patent infringement and an injunction against further infringement. The suit was filed less than a week prior to the expiration of the patent so that the injunction aspect of the case is now moot. Defendants filed an answer raising six defenses, the fifth being that of laches and estoppel.

In conformity with the practice followed by this Court in Banker v. Ford Motor Co., D.C.1933, 3 F.Supp. 737 and approved by the Court of Appeals for this Circuit on appeal of that case, 1934, 69 F.2d 665, this Court, on November 21, 1950, ordered that the issue of laches and estoppel "be tried separately, in advance of the other issues in the case, by the Court sitting without a jury." In the same order, this Court referred the issue of laches and estoppel to the Honorable James H. Gray as Special Master "to receive the evidence offered by the parties on said issue and to report to the Court his recommendation whether the defense of laches and estoppel should be sustained with appropriate Findings of Fact and Conclusions of Law".

Hearings before the Special Master were held and completed, and on July 11, 1951, the Special Master filed a voluminous report including 59 Findings of Fact and 4 Conclusion of Law and recommending that the action be dismissed. In his report the Special Master has exhaustively treated the questions raised by the parties and has cited abundant legal authorities to support his conclusions. On July 17, 1951, the Special Master filed a supplemental report "solely for the purpose of correcting an inadvertent error in the next to the last sentence of the 20th Finding of Fact contained in the Special Master's Report filed on July 11, 1951". On August 1, 1951, defendant filed a motion for the adoption of the Special Master's report.

Subsequently, plaintiffs filed 103 objections to the report and supplemental report of the Special Master, and it is this matter which is now before the Court for disposition.

Objections 1 to 26, inclusive, relate to certain of the Special Master's Findings of Fact; objections 27 to 84, inclusive, relate to the failure of the Special Master to make additional findings; and objections 84 to 103, inclusive, relate to the Special Master's Conclusions of Law.

I.

"In an action to be tried without a jury the court shall accept the master's findings

of fact unless clearly erroneous." Rule 53 (e) (2), Federal Rules Civil Procedure, 28 U.S.C. Since the issue referred to the Special Master was one triable by the Court without a jury, this rule is applicable here and prescribes the test to be applied by us in considering the first 26 objections filed by plaintiffs. We have examined each of these objections carefully and we do not deem it necessary to deal with each separately. There is conflicting testimony in the record, some of which would support the findings urged by plaintiffs. However, we rely, in the first instance, upon the Special Master since he heard and saw the witnesses for the resolution of this conflict, and we conclude, on examination of the whole record, that there is no clear error in the factual findings of the Special Master. There is sufficient credible evidence to support them.

## II.

■ Objections 27 to 84, inclusive, cannot be sustained. In each of these objections, plaintiffs argue that certain additional findings of fact should have been made. An examination discloses that many are inconsistent with facts already found, that many relate to immaterial matters and that all are unnecessary to the decision. One of the functions of a Special Master, or any trier of fact, for that matter, is to separate the wheat from the chaff—to make those findings necessary to the decision. All issues of fact need not be resolved. Further, to sustain plaintiffs' position in this regard would violate Rule 53(e) (2) since it would, in effect, set aside factual findings of the Special Master without a showing that they are "clearly erroneous".

## III.

■ The remaining objections, 85 to 103 inclusive, which relate to the Special Master's Conclusions of Law must be overruled also. The first Conclusion of Law to the effect that this action should be dismissed because of laches and estoppel, corresponds to the only Conclusion of Law which this Court made in Banker v. Ford Motor Co., D.C., 3 F.Supp. 737, at page 738, affirmed on appeal, 3 Cir., 69 F.2d 665.

That laches and estoppel of a patent owner bars a suit by him for infringement of the patent seems clear. Holman v. Oil Well Supply Co., 3 Cir., 1936, 83 F.2d 538; Banker v. Ford Motor Co., 3 Cir., 1934, 69 F.2d 665. The facts found by the Special Master in this case are substantially similar in nature to those found in the Banker case and the Court of Appeals for this Circuit held that those facts justified a conclusion that the action was barred because of laches and estoppel. Likewise, we conclude that the factual findings in this case justify the conclusion that the plaintiffs were chargeable with laches and that, therefore, they are estopped to sue for infringement at this late date, approximately 14 years after their first notice of the acts of defendant which they now allege constitute an infringement of their patent. In the meantime, many millions of dollars have been spent by the defendant in developing its facilities, witnesses have died, memories of others have been impaired, and records and other physical exhibits have been lost or destroyed.

■ Plaintiffs argue that the second Conclusion to the effect that they are bound by the laches of intervening owners is in error. This position cannot be sustained since the law is well settled *contra*. An assignee of a patent is bound by the laches of his assignor in not taking action against an alleged infringer. Rome Grader & Machinery Corp. v. J. D. Adams Mfg. Co., 7 Cir., 1943, 135 F.2d 617; Woodmanse & Hewitt Mfg. Co. v. Williams, 6 Cir., 1895, 68 F. 489.

Conclusion No. 3 is to the effect that no lawful excuse for the laches of the plaintiffs or the intervening owners had been established. This is simply the legal conclusion arising from the factual determination that no lawful excuse had been proved by the evidence, a finding which is, as we have already determined, not "clearly erroneous".

In our opinion, this disposes of the matter before us. The factual findings of the Special Master are not "clearly erroneous" and support the conclusion that the plaintiffs are chargeable with laches and estopped to bring this action for patent infringement. For this reason, the various other objec-

tions filed by plaintiffs need not be considered in detail.

Therefore, plaintiffs' objections will be overruled, defendant's motion to adopt the Special Master's report will be granted, and the action will be dismissed.