Edwin H. ARMSTRONG, Plaintiff,

v.

AVCO MANUFACTURING CORPORATION, Defendant.

Civ. A. 1587.

United States District Court
D. Delaware.

Dec. 22, 1955.

William Prickett, Wilmington, Del., Alfred McCormack (of Cravath, Swaine & Moore), New York City, Robert W. By-erly (of Byerly, Townsend & Watson), New York City, and Dana M. Raymond, New York City, for plaintiff.

David F. Anderson and John P. Sinclair (of Berl, Potter & Anderson), Wilmington, Del., Floyd H. Crews (of Darby & Darby), New York City, and Alden D. Redfield, Cincinnati, Ohio, for defendant.

RODNEY, District Judge.

This case to some extent is a companion case to Armstrong v. Allen B. Du Mont Laboratories in this Court, decided December 16, 1955. It concerns three of the six patents there involved and presents two questions, (1) The survivability of the action as considered in the Du Mont case on motion of the plaintiff, and (2) a motion for summary judgment on behalf of the defendant.

The action was instituted by Edwin H. Armstrong on January 7, 1954. The complaint alleged that Armstrong was the patentee and sole owner of three patents.

No. 1,941,066 issued Dec. 26, 1933 (expired Dec. 26, 1950); No. 1,941,069 issued Dec. 26, 1933 (expired Dec. 26, 1950); No. 2,215,284 issued Sept. 27, 1940 Reissued Dec. 17, 1940, as Reissue 21,660.

It will be noted that the first two patents '066 and '069 had expired prior to suit. As to them the complaint sought damages for prior infringement. As to the remaining and reissued patent, still in force when suit was brought, the complaint sought injunctive relief against further infringement and damages for past infringement.

The plaintiff and patentee, Edwin H. Armstrong, died February 1, 1954. The widow and sole executrix has moved for substitution as party plaintiff. The de-

fendant has objected to the substitution on the ground that no claim for past infringement survived the death of the patentee and no right of substitution exists.

The defendant has moved for summary judgment on the grounds of laches and estoppel.

### Plaintiff's Motion for Substitution

 The case of Armstrong v. Allen B. Du Mont Laboratories, Inc., D.C., 137 F.Supp. 659, involved precisely the same objections to a similar motion concerning past infringements of the same patents as are here involved. Upon the basis of the cited case and for the reasons therein given, the motion for substitution is granted and an order to that effect may be submitted.

In the present case and upon a different question, I am referred by the defendant to the case of Banker v. Ford Motor Co., 3 Cir., 69 F.2d 665. An examination of that case shows these facts. A patent was issued October 10, 1911 and expired October 10, 1928. On October 7, 1931, after the patent expired, the patentee brought suit for past infringement. After suit was brought, the patentee died in March 1932. The executrix was substituted as party plaintiff and prosecuted the case both in the District Court, 3 F. Supp. 737 and the Circuit Court of Appeals. While the right of substitution was not discussed, it seems to have been assumed that the right of substitution existed in this Circuit under precisely the same facts as are here presented.

### Defendant's Motion for Summary Judgment

The motion for summary judgment was filed by the defendant after the death of the original plaintiff and after the motion for substitution of the executrix as party plaintiff but before the disposition of that motion. The question as to whether there was, at the time, any party upon whom the motion for summary judgment could be served, has been waived.

The present motion for summary judgment is based on laches and estoppel and is to be determined from the complaint and an affidavit filed by each of the parties and the exhibits annexed thereto.

The defendant contends that since laches and estoppel are equitable remedies, they should be first disposed of and cites Banker v. Ford Motor Co., supra, and Skinner v. Aluminum Co. of America, D.C., 95 F.Supp. 183 and upon these cases attributes the motion at this time. The cited cases, however, did not arise on motion for summary judgment but at the trial of the cases on the merits and different principles govern the disposition of a motion for summary judgment and a disposition of the case on the merits.

 It is too plain for argument that a motion for summary judgment can be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is." [1]

The authorities are uniform in holding that a summary judgment can not be granted if there be any doubt of the facts and the burden is upon the moving party to show that no dispute of fact exists. [2]

 The present suit was commenced January 7, 1954. The complaint alleged infringement at the expiration of the patent December 26, 1950. Laches and estoppel, as controlling equitable defenses in a patent infringement case, involve a number of elements including (1) knowledge of the patent owner of the infringement, (2) the length of the alleged delay and the reasons therefor and (3) the activities of the parties during the period. Being equitable defenses they draw to themselves all the relevant circumstances and the effect of delay and not merely the time itself.

1. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967.

2. Fairbanks, Morse & Co. v. Consolidated Fisheries Co., 3 Cir., 190 F.2d 817, 824.

The defendant contends that the laches of the plaintiff is to be considered as originating in 1941 and thus embracing some 13 years. The plaintiff insists that in no event should laches be considered as arising before 1947 or 1948 (a period of some 6 years), and gives the reasons therefor. These matters all constitute questions of fact or conclusions from controverted facts and substantially call for a final determination of the application of laches as if on a trial. Such, I think, is not the purpose of a summary judgment.

Both parties cite many cases as properly determining the application of laches and estoppel as defenses to an action. Laches and estoppel as defenses remain in the case and the cited authorities will be given consideration when and if the appropriate time arrives.

All I hold now is that upon a motion for summary judgment on the ground of laches when the elapsed time is in dispute and the activities of the parties and the reasons therefor are controverted, that such judgment should not be entered. An appropriate order may be submitted.